UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Josette CONTE, Cynthia INABINETT, and Jose VELEZ : <br> : <br> Plaintiffs, : <br> : <br> V. : <br> : <br> BAUMANN & SONS BUSES, INC., : <br> : <br> Defendant. | Civil No.  3:04cv418 (PCD) |

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

In this action, based on responses of defendant after Conte reacted to exposure to allegedly pornographic material by her supervisor, and complained thereof as constituting sexual harassment and hostile work environment, Plaintiff Josette Conte claims gender discrimination (Count One) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Plaintiffs Conte and Jose Velez claim retaliation (Count Four) by reason of Conte's complaint and Velez supporting her claim based on the same authority.  Counts Two, Three, Five, and Six and the claim of originally-named plaintiff Inabinett have been dismissed by stipulation. Defendant now moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the basis that there are no genuine issues of material fact and plaintiffs can establish no basis for their claims as a matter of law.  For the reasons that follow, Defendant's motion [Doc. No. 30] is **denied**.

**I.    Background**[1]

Conte began to work for Defendant in September 2001 when it began bus service for New Canaan Schools in succession to Suburban Bus, by which she was previously employed. Her seniority date was November 26, 1996, as defendant was a successor employer to a collective bargaining agreement with Suburban which ran to mid-2002. Principally, she was a regular route bus driver but she was provided with extra work, largely administrative, also described as non-revenue work, and extra driving jobs, starting in September 2001. Extra work was important to Conte as Defendant's rate of pay was lower than Suburban's but was somewhat made up for, as Conte claims she was assured, by the availability of the extra work. Defendant hired some former Suburban drivers but was faced with hiring additional people and organizing the work and its work force in New Canaan.

Debra Casavechia was Defendant's New Canaan Manager. An office worker, Price, was terminated by Defendant in November, 2001. A new office worker began in October, 2001, but went on maternity leave from late December, 2001, until mid-February, 2002. Conte claims Casavechia began exposing her to sexual material in November or December of 2001 and in January 2002 had her view a video regarded by Conte as sexually offensive. Others were shown the video, allegedly including Velez, to whom Conte complained as a member of management and who supported her claim. In Cassavechia's presence, Conte reacted to the video and, reflective of her disapproval, eventually brought the matter to the attention of Mr. Poisella, Defendant's human resources director. Her contentions were denied and his inquiry was reported to have produced no corroboration. Commencing in March of 2002, Defendant reduced Conte's

---

[1]The facts are derived from the parties' Rule 56 statements.

extra work hours as a result of the return of the employee in the office from maternity leave. Extra work hours for others, however, continued. The suggestion that extra work hours were not needed with the end of the maternity leave is at odds with the number of extra hours Conte was called on to work before the maternity leave commenced. She also claims that driving jobs for which she bid were awarded to others despite her seniority.

**II.     Standard**

A party moving for summary judgment must establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "A party opposing a properly brought motion for summary judgment bears the burden of going beyond the pleadings, and 'designating specific facts showing that there is a genuine issue for trial.'" Amnesty Am. v. Town of W. Hartford, 288 F.3d 467, 470 (2d Cir. 2002) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether a genuine issue has been raised, all ambiguities are resolved and all reasonable inferences are drawn against the moving party.  United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962); Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980). Summary judgment is proper when reasonable minds could not differ as to the import of evidence.  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). "Conclusory allegations will not suffice to create a genuine issue."  Delaware & H.R. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990).  Determinations as to the weight to accord evidence or credibility assessments of witnesses are improper on a motion for summary judgment as such are within the sole province of the jury.  Hayes v. N.Y. City Dep't of Corr., 84 F.3d 614, 619 (2d

Cir. 1996).

### III. Discussion

#### A. Plaintiff Conte

Although Defendant denies the sexual material claim and Plaintiff's explanation for reducing the extra work, Plaintiff has proffered evidence tending to substantiate her contentions and contravening Defendant's. Its alleged disregard for seniority raises an issue because of the prior practice of Suburban under the collective bargaining agreement to which defendant was held to be a successor. Therefore both as to her claim of sexual harassment and retaliation for making her complaint, there are genuine issues of material fact not to be resolved on a motion for summary judgment. If Conte is credited, she could convince a jury of the elements which would legally justify her prevailing on her claims of both harassment and retaliation. Accordingly, the motion for summary judgment on Plaintiff Conte's claims is denied.

#### B. Plaintiff Velez

Plaintiff Velez was hired by defendant as Safety Supervisor and Trainer and worked from an office in an on-site trailer. He was experienced in that type of work but his expanded duties included driver observation, accident investigation, road tests, and state regulation, including drug testing and compliance. He started in November, 2001 and was evaluated by his supervisor, Ms. Casavechia, in a highly complimentary manner. At one point he designated Conte to conduct driver training, only to have Casavechia countermand the designation. He was noted by Conte as having knowledge of the circulation of the sexual material about which she

complained and he supported her contentions as within his knowledge.  In November of 2002, he was interviewed on the subject, as was Casavechia, and immediately thereafter he was removed from his office and was relieved of a number of responsibilities.  He attributes to Casavechia an indication that he was on his way out.  He resigned from defendant's employment in December 2002 and took another job which he had prearranged.  His claim of retaliation, in Count Four of the Complaint, is attributed to his support of Conte's contentions directed at Casavechia.  Criticism of his job performance, which he contends was unwarranted, removal from his office, stripping of largely all of his duties made the work environment intolerable and, as he put it, forced him to leave.  The criticism may have, as he argues, stemmed from the amount of work he was assigned. Defendant contends, with some documentation, that Velez's job performance deteriorated over the latter part of 2002, but no resulting disciplinary action is shown.  The motion cites the lack of any suggestion by Velez that his departure was other than for personal reasons without suggestion of impropriety of defendant or any one acting on its behalf.  It also contends the decisions as to his job resulted from deterioration of his job performance.

  The record reflects genuine issues of material fact with respect to Defendant's supervisory employees' decisions, which negatively impacted Velez' working conditions.  Defendant's claims, though possibly to be credited at trial, nonetheless are in conflict with the facts claimed by Velez.  If he is credited, he could convince a jury that decisions as to his employment were motivated by his support for Conte, a protected activity for Title VII purposes, particularly given the time sequence involved.  Accordingly the motion for summary judgment as to Velez's claim in Count Four of the Complaint is denied.

  Defendant's claim of the bar of a statute of limitations is without merit.  Conte's claim

was filed with the New York Division of Human Rights within 300 days, having in particular mind the continuing nature of her claim of extra work deprivation.

Defendant's claim that Conte's action is collaterally estopped as litigated before the NLRB is likewise without merit. Conte was not the complainant there, the union was. She was a witness who was not accorded a right of cross-examination personally or by representation. Her attribution of her loss of extra work to her union activities raised a different issue than her claim here that the loss was due to her Title VII complaints which prompted retaliation by or on behalf of defendant, her employer. Her testimony before the Administrative Judge was not an admission. It was testimony on a different topic than that presented here as to which the absence of any testimony about her claim of retaliation was quite understandable, she simply was not asked. Conduct can have multiple motivations. Finding one claim of a motivation to be unsubstantiated does not preclude a finding of another proven.

Defendant's claim of sanctions against plaintiff's counsel is so devoid of merit as to warrant no further discussion.

**IV.   Conclusion**

Defendant's Motion for Summary Judgment is denied.

SO ORDERED.

Dated at New Haven, Connecticut, August  10th , 2006.

/s/
Peter C. Dorsey, U.S. District Judge
District of Connecticut